1

2

3

4

5 UNITED STATES DISTRICT COURT

6 EASTERN DISTRICT OF WASHINGTON

7 ERIN WILSON,

8                              Plaintiff,

   v.

9 CAROLYN W. COLVIN, Commissioner

10 of Social Security,

11                              Defendant.

NO:  CV-11-3116-RMP

ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

12

13      BEFORE THE COURT are cross-motions for summary judgment, ECF

14 Nos. 12, 18.  The Court has reviewed the motions, the memoranda in support,

15 Plaintiff's reply memorandum, the administrative record, and is fully informed.

16                              **JURISDICTION**

17      Plaintiff Erin Wilson protectively filed for Supplemental Security Income

18 ("SSI") on April 17, 2008.  (Tr. 21.)  Plaintiff alleged an onset date of April 24,

19 2007.  (Tr. 21, 135.)  Benefits were denied initially and again on reconsideration.

20 On December 5, 2008, Plaintiff timely requested a hearing before an administrative

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
1

law judge ("ALJ").  (Tr. 95-97.)  A hearing was held before ALJ Marie Palachuk

on June 16, 2010.  (Tr. 42.)  Plaintiff was represented by counsel.  (Tr. 40-79.)

Testimony was taken by Dr. Thomas McKnight, a psychiatric expert, Dr. Anthony

Francis, a medical expert, Erin Wilson, the claimant, and Sharon Welter, a

vocational expert.  (Tr. 39.)  On May 9, 2011, ALJ Palachuk issued a decision

finding Plaintiff not disabled.  (Tr. 21-32.)  The Appeals Council denied review.

(Tr. 1-3.)  This matter is properly before this Court under 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of this case are set forth in the administrative hearing transcripts

and record and will only be summarized here.  The claimant was twenty-seven

years old when she applied for benefits and was twenty-nine years old when ALJ

Palachuk issued her decision.  The claimant currently is unemployed and lives with

her grandmother and daughter.  (Tr. 61.)  The claimant has not worked regularly

since 2007.  She describes myriad conditions that keep her from finding

employment, including neck, shoulder, and right arm pain; migraine headaches;

anxiety; and depression.

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a

Commissioner's decision.  42 U.S.C. § 405(g).  A court must uphold the

Commissioner's decision, made through an ALJ, when the determination is not

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

based on legal error and is supported by substantial evidence.  *See Jones v.*

*Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).  "The

[Commissioner's] determination that a claimant is not disabled will be upheld if

the findings of fact are supported by substantial evidence."  *Delgado v. Heckler*,

722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)).  Substantial

evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112,

1119 n.10 (9th Cir. 1975), but less than a preponderance.  *McCallister v. Sullivan*,

888 F.2d 599, 601-02 (9th Cir. 1989) (citing *Desrosiers v. Secretary of Health and*

*Human Services*, 846 F.2d 573, 576 (9th Cir. 1988)).  Substantial evidence "means

such evidence as a reasonable mind might accept as adequate to support a

conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).

"[S]uch inferences and conclusions as the [Commissioner] may reasonably draw

from the evidence" will also be upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293

(9th Cir. 1965).  On review, the court considers the record as a whole, not just the

evidence supporting the decisions of the Commissioner.  *Weetman v. Sullivan*, 877

F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir.

1980)).

     It is the role of the trier of fact, not this court, to resolve conflicts in

evidence.  *Richardson*, 402 U.S. at 400.  If evidence supports more than one

rational interpretation, the court may not substitute its judgment for that of the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if his or her impairments are of such severity that Plaintiff is not only unable to do his or her previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

1  of both medical and vocational components.  *Edlund v. Massanari*, 253 F.3d 1152,

2  1156 (9th Cir. 2001).

3       The Commissioner has established a five-step sequential evaluation process

4  for determining whether a claimant is disabled.  20 C.F.R. §  416.920.  Step one

5  determines if he or she is engaged in substantial gainful activities.  If the claimant

6  is engaged in substantial gainful activities, benefits are denied.  20 C.F.R. §§

7  404.1520(a)(4)(i), 416.920(a)(4)(i).

8       If the claimant is not engaged in substantial gainful activities, the decision

9  maker proceeds to step two and determines whether the claimant has a medically

10  severe impairment or combination of impairments.  20 C.F.R.

11  §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant does not have a severe

12  impairment or combination of impairments, the disability claim is denied.

13       If the impairment is severe, the evaluation proceeds to the third step, which

14  compares the claimant's impairment with a number of listed impairments

15  acknowledged by the Commissioner to be so severe as to preclude substantial

16  gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *see also* 20

17  C.F.R. § 404, Subpt. P, App. 1.  If the impairment meets or equals one of the listed

18  impairments, the claimant is conclusively presumed to be disabled.

19       If the impairment is not one conclusively presumed to be disabling, the

20  evaluation proceeds to the fourth step, which determines whether the impairment

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

prevents the claimant from performing work he or she has performed in the past.

If the plaintiff is able to perform his or her previous work, the claimant is not

disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At this step, the

claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the

process determines whether the claimant is able to perform other work in the

national economy in view of his or her residual functional capacity and age,

education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie

case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921

(9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial

burden is met once the claimant establishes that a physical or mental impairment

prevents him from engaging in his or her previous occupation.  The burden then

shifts, at step five, to the Commissioner to show that (1) the claimant can perform

other substantial gainful activity, and (2) a "significant number of jobs exist in the

national economy" which the claimant can perform.  *Kail v. Heckler*, 722 F.2d

1496, 1498 (9th Cir. 1984).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

**ALJ'S FINDINGS**

At step one of the five-step sequential evaluation process, the ALJ found that Plaintiff has not engage in substantial gainful activity since April 17, 2008, the alleged date of onset.  (Tr. 23.)  At step two, the ALJ found that Plaintiff has the following severe impairments: "remote history of distraction injury to right arm, status post right shoulder surgery; migraine headaches; and degenerative disc disease of the cervical spine."  (Tr. 23.)  The ALJ found that none of Plaintiff's impairments, taken alone or in combination, met or medically equaled any of the impairments listed in Part 404, Subpart P, Appendix 1 of 20 C.F.R.  (Tr. 24.)  The ALJ found that the claimant, with some exceptions, could perform less than a full range of light work.  (Tr. 24.)  As a result, the ALJ found at step four that Plaintiff could perform past relevant work as a sales clerk and cleaner/housekeeper.  (Tr. 28.)  Accordingly, the ALJ found that Plaintiff was not under a disability for purposes of the Act.  (Tr. 28.)

**ISSUES**

The question before the Court is whether the ALJ's decision is supported by substantial evidence and free of legal error.  Ms. Wilson argues that the ALJ erred in six ways: (1) by failing to find that Ms. Wilson suffered the severe impairments of anxiety, depression, and diagnosed back, hip and other complaints; (2) by failing to fully and fairly develop the record; (3) by improperly rejecting the opinions of

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

the claimant's treating medical providers; (4) by improperly rejecting the

claimant's subjective complaints; (5) by presuming that Ms. Wilson's past work

constituted past relevant work; and (6) by posing a hypothetical to the vocational

expert that did not accurately reflect Ms. Wilson's limitations.

## DISCUSSION

**Finding of Severe Impairment at Step Two**

Step two requires an ALJ to determine whether the claimant has a medically

severe impairment or combination of impairments.  §§ 404.1520(a)(4)(ii),

416.920(a)(4)(ii).  To satisfy step two's requirement, the claimant must prove the

existence of a physical or mental impairment by providing medical evidence

consisting of signs, symptoms, and laboratory findings; the claimant's own

statement of symptoms alone will not suffice.  20 C.F.R. §§ 404.1508, 416.908.

Only "acceptable medical sources" can supply the evidence needed to establish the

existence of an impairment.  20 C.F.R. §§ 404.1513(a), 416.913(a).   Acceptable

medical sources include licensed physicians and licensed or certified psychologist.

§§ 404.1513(a)(1)-(2), 416.913(a)(1)-(2).

At step two, the ALJ must also look to the severity of any impairment.

§§ 404.1520(c), 416.920(c).  The severity inquiry at step two is "'a de minimis

screen device [used] to dispose of groundless claims.'"  *Webb v. Barnhart*, 433

F.3d 683, 687 (9th Cir. 2005) (alteration in original) (quoting *Smolen v. Chater*, 80

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

F.3d 1273, 1290 (9th Cir. 1996)).  Accordingly, an impairment is "'not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'"  *Webb*, 433 F.3d at 686 (quoting *Smolen*, 80 F.3d at 1290).

At step two, the ALJ found that Ms. Wilson suffered from remote history of distraction injury to her right arm that was post shoulder surgery, migraine headaches, and degenerative disc disease.  The claimant argues that the ALJ erred in rejecting Ms. Wilson's arguments that she also suffers from anxiety, depression, and other physical ailments.

The record is devoid of a diagnosis of depression by an acceptable medical source.  Ms. Wilson points to two pages in the record that appear to assert a psychiatric history of "anxiety and depression" and state that the claimant is currently undergoing treatment.  (Tr. 395, 407.)  However, the records are emergency room visits that record Ms. Wilson's self-reported history of depression and anxiety.  The first record involves an emergency room visit with complaints of should pain (Tr. 395), and the second record involves an emergency room visit with complaints of foot pain, (Tr. 407.)  Neither visit has anything to do with a mental health diagnosis.  (Tr. 395, 407).  As other records make clear, Ms. Wilson is self-diagnosed as depressed and suffering anxiety.  (Tr. 527.)  Because there is no evidence that Ms. Wilson has been diagnosed by an acceptable medical source

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

1   as depressed or suffering an anxiety disorder, the ALJ did not err in rejecting her

2   claims at step two.  SSR 06-03p.

3          Ms. Wilson further argues, without elaboration, that the ALJ erred by failing

4   to find severe impairments in the form of spondylosis, occipital neuralgia,

5   trigeminal neuralgia, and back and hip impairments.  While the record does

6   evidence complaints of back pain and hip pain (Tr. 237-38), nothing in the record

7   concludes a physical basis for this ailment.  The record does evidence diagnoses of

8   spondylosis, occipital neuralgia, and trigeminal neuralgia (Tr. 609, 612, 614, 616).

9   However, a review of the records establishing those diagnoses reveals that the

10  diagnoses were made to account for Ms. Wilson's complaints of neck, shoulder,

11  and head pain.  As the ALJ did not end her inquiry at step two and proceeded to

12  address Ms. Wilson's complaints in the body of her decision, any failure to include

13  spondylosis or neuralgia at step two was harmless.  *See Lewis v. Astrue*, 498 F.3d

14  909, 911 (9th Cir. 2007); *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

15  **Development of the Record**

16         An ALJ has a duty to fully and fairly develop the record in order to protect

17  the interests of an applicant for disability benefits.  *Higbee v. Sullivan*, 975 F.2d

18  558, 561-62 (9th Cir. 1992).  However, "[a]n ALJ's duty to develop the record

19  further is triggered only when there is ambiguous evidence or when the record is

20  inadequate to allow for proper evaluation of the evidence."  *Mayes v. Massanari*,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
10

276 F.3d 453, 459-60 (9th Cir. 2001) (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)).

Ms. Wilson's challenge focuses on the ALJ's alleged failure to address her claims that she suffers from depression and anxiety. However, the only suggestion in the record that Ms. Wilson suffered from those disorders comes from Ms. Wilson's own statements (Tr. 201, 693), or are reports from emergency room visits suggesting Ms. Wilson has a history of anxiety and depression (Tr. 395, 407). Those reports do not evidence any actual diagnosis of those conditions and appear to be nothing more than records of Ms. Wilson's self-reporting. Testimony at the hearing supports a finding that there is no record of a mental health diagnosis. (Tr. 44-45.) Additionally, Ms. Wilson testified, albeit in the context of her claim to post-traumatic stress disorder, that she never sought treatment for that condition but diagnosed herself. (Tr. 65-66.) In short, the record unambiguously supported the ALJ's conclusion that Ms. Wilson had not been diagnosed as suffering from anxiety or depression.

Furthermore, an ALJ can meet its obligation to supplement the record when it leaves the record open for further supplementation. *Tonapetyan*, 242 F.3d at 1150. The ALJ asked counsel for Ms. Wilson if there was further evidence to be submitted at the hearing, and counsel said no. (Tr. 41.) The claimant did supplement the record before the appeals council and nothing in the supplement

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

suggests a diagnosis of depression or anxiety during the relevant time period. Taken altogether, the Court finds that the ALJ did not fail in her duty to fully and fairly develop the record.

**ALJ's Weighing of Treating Medical Providers' Opinions**

In evaluating a disability claim, the adjudicator must consider all medical evidence provided. A treating or examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004). If the treating physician's opinions are not contradicted, they can be rejected by the decision-maker only with clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may reject the opinion with specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Sec'y of Health and Human Servs.*, 44 F.3d 1453, 1463 (9th Cir. 1995). In addition to medical reports in the record, the testimony of a non-examining medical expert selected by the ALJ may be helpful in her adjudication. *Andrews v. Shalala,* 53 F.3d 1035, 1041 (9th Cir. 1995) *(citing Magallanes v. Bowen,* 881 F.2d 747, 753 (9th Cir. 1989)). Testimony of a medical expert may serve as substantial evidence when supported by other evidence in the record. *Id.*

Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding the treating physician's opinion. *Flaten*, 44 F.3d at 1463-64; *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir 1989). The ALJ need not accept a treating source opinion that is "brief, conclusory and inadequately supported by clinical finding." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1044-45 (*citing Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)). Where an ALJ determines a treating or examining physician's stated opinion is materially inconsistent with the physician's own treatment notes, legitimate grounds exist for considering the purpose for which the doctor's report was obtained and for rejecting the inconsistent, unsupported opinion. *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996.) "Medical opinions that predate the alleged onset of disability are of limited relevance." *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008); *Fair*, 885 F.2d at 600. Rejection of an examining medical source opinion is specific and legitimate where the medical source's opinion is not supported by his own medical records and/or objective data. *Tommasetti v. Astrue*, 533 F.3d 1035, (9th Cir. 2008)

Ms. Wilson argues that the ALJ erred by discounting the medical opinions of Dr. Raymond P. Snyder, M.D.; Dr. Joan K. Knight, M.D.; Dr. Michael Hauke, M.D.; and Dr. Glyn E. Marsh, M.D. Ms. Wilson argues that Dr. Snyder diagnosed Ms. Wilson as having increasing shoulder pain subsequent to her surgery. ECF

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

No. 13 at 15.  However, Dr. Snyder's report was generated prior to Ms. Wilson's shoulder surgery.  (Tr. 379.)  Additionally, Dr. Snyder's report states simply that Ms. Wilson "reports increased right shoulder pain."  (Tr. 379.)  Accordingly, the report in question is merely a recitation of Ms. Wilson's subjective complaints.

Ms. Wilson argues that Dr. Knight diagnosed her as suffering stress and insomnia.  Similarly to Dr. Snyder, however, the report makes clear that any diagnosis was based on Ms. Wilson's emergency room complaints of stress and insomnia.  (Tr. 410.)  Where a diagnosis is based solely on subjective complaints by the claimant, the ALJ does not err in rejecting such a diagnosis if she makes an adverse credibility determination.  20 C.F.R. § 404.1527(d).  As the Court ultimately upholds the ALJ's determination that Ms. Wilson's subjective complaints of pain are not credible, the Court finds that the ALJ did not erroneously discount the opinions of Dr. Snyder and Dr. Knight.

The claimant argues that ALJ Palachuk impermissibly discounted the opinion of Dr. Hauke that Ms. Wilson suffered severe chronic pain.  ECF No. 13 at 15.  Dr. Hauke actually opined that Ms. Wilson had a past medical history of chronic right shoulder pain and was suffering shoulder pain at the time.  (Tr. 395.)  However, this diagnosis was prior to the claimant's surgery on her right shoulder, which occurred on December 8, 2008.  (Tr. 400-02.)  As the ALJ's decision recognizes improvement of Ms. Wilson's shoulder pain post-surgery, it is

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

consistent with Dr. Hauke's diagnosis.  Therefore, the ALJ did not discount Dr. Hauke's pre-surgery opinion.

As to Dr. Marsh's opinion, the ALJ did not address the opinion because it was not provided until the case was before the appeals council.  That said, even where evidence is presented for the first time before the appeals council, this Court should consider it when determining whether the ALJ's opinion is supported by substantial evidence.  *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012).  However, while Dr. Marsh initially concluded that Ms. Wilson suffered migraine headaches that limited her to one to ten hours of work per week, (Tr. 683), Dr. Marsh shortly thereafter concluded that Ms. Wilson could work up to forty hours per week, (Tr. 687).  Accordingly, the Court concludes that the inclusion of Dr. Marsh's opinion in the record would not have changed the ALJ's determination.  As a result, the Court finds that the ALJ did not improperly discount the testimony of Ms. Wilson's medical providers.

**ALJ's Credibility Determination**

When the ALJ finds a claimant's statements as to the severity of impairments, pain, and functional limitations are not credible, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's allegations.  *Thomas*, 278 F.3d at 958-959; *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

banc).  It is well-settled, however, that an ALJ cannot be required to believe every

allegation of disabling pain, even when medical evidence exists that a claimant's

condition may produce pain.  "Many medical conditions produce pain not severe

enough to preclude gainful employment."  *Fair v. Bowen*, 885 F.2d 597, 603(9th

Cir. 1989).  Although an adjudicator may not reject a claimant's extreme symptom

complaints solely on a lack of objective medical evidence, medical evidence is a

relevant factor to consider.   SSR 96-7p.

If there is no affirmative evidence that the claimant is malingering, the ALJ

must provide "clear and convincing" reasons for rejecting the claimant's symptom

testimony.  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  The ALJ

engages in a two-step analysis in deciding whether to admit a claimant's subjective

symptom testimony. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir.

2007); *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).  Under the first step,

the ALJ must find the claimant has produced objective medical evidence of an

underlying "impairment," and that the impairment, or combination of impairments,

could reasonably be expected to cause "some degree of the symptom."

*Lingenfelter*, 504 F.3d at 1036.  Once the first test is met, the ALJ must evaluate

the credibility of the claimant and make specific findings supported by "clear and

convincing" reasons.  *Id.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

In addition to ordinary techniques of credibility evaluation, the ALJ may consider the following factors when weighing the claimant's credibility:  the claimant's reputation for truthfulness; inconsistencies either in his allegations of limitations or between his statements and conduct; daily activities and work record; and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms.  *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997); *Fair*, 885 F.2d at 597 n.5.

The ALJ may also consider an unexplained failure to follow treatment recommendations and testimony by the claimant "that appears less than candid." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).  As explained by the Commissioner in a policy ruling, the ALJ need not totally reject a claimant's statements; he or she may find the claimant's statements about pain to be credible to a certain degree, but discount statements based on his interpretation of evidence in the record as a whole.  SSR 96-7p.  The ALJ may find a claimant's abilities are affected by the symptoms alleged, but "find only partially credible the individual's statements as to the extent of the functional limitations." *Id.*

Medical opinions based on a claimant's subjective complaints may be rejected where the claimant's credibility has been properly discounted. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).   The claimant's credibility is also an appropriate factor weighed in the evaluation.  *Webb v.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

*Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).  Where an ALJ determines a treating or examining physician's stated opinion is materially inconsistent with the physician's own treatment notes, legitimate grounds exist for considering the purpose for which the doctor's report was obtained and for rejecting the inconsistent, unsupported opinion.  *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996).  Rejection of an examining medical source opinion is specific and legitimate where the medical source's opinion is not supported by his own medical records and/or objective data.  *Tommasetti v. Astrue*, 533 F.3d 1035 (9th Cir. 2008).

Although credibility determinations are the province of the ALJ, and "the court may not engage in second-guessing," *Thomas*, 278 F.3d at 959, the court has imposed on the Commissioner a requirement of specificity.  *Connett v. Barnhart*, 340 F.3d 871, 873 (9th Cir. 2003); Dodrill v. Shalala, 12 F.3d 915, 917 (9th Cir. 1993).  Even if the record includes evidence to support a credibility determination, the reasons must be articulated with specificity by the ALJ in his decision.  The court cannot infer lack of credibility or affirm credibility findings "based on evidence the ALJ did not discuss."  *Connett*, 340 F.3d at 874.  Further, the reviewing court cannot make independent findings to support the ALJ's decision. *Id.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18

At the June 16, 2010, hearing, Ms. Wilson testified that the use of her right arm was severely limited due to use causing pain in her shoulder and neck.  (Tr. 57-62.)  Ms. Wilson also described migraines, which occurred three to four times per month lasting two to three days each.  (Tr. 63.)

The ALJ concluded that Ms. Wilson's arm pain was not supported by objective medical evidence.  (Tr. 25.)  The ALJ also noted that the claimant visited the emergency room twenty-two times after her surgery, complaining of various injuries and receiving narcotic medications.  (Tr. 26.)  The ALJ found that given "the claimant's repeated 'accidents,' movement between emergency rooms, and nonspecific pain," the claimant's actions were "strongly indicative of drug seeking behavior."  (Tr. 26.)  Accordingly, the ALJ found the claimant's pain testimony not credible.

The ALJ is correct that the evidence in the record supports a finding that Ms. Wilson's pain decreased during her physical therapy sessions.  Three months after her surgery, the claimant reported much lower levels of pain and had greatly recovered her range of motion.  (Tr. 547-49.)  Accordingly, substantial evidence supports the ALJ's conclusion that Ms. Wilson's subjective complaints about arm pain and the extreme limitations noted in her hearing testimony are simply not supported by objective medical evidence in the record.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19

1    While a lack of objective medical evidence is relevant to an ALJ's

2 credibility determination, it alone is not dispositive.  SSR 96-7p.  Here, the ALJ's

3 credibility determination is further supported by the indicia of drug-seeking

4 behavior identified by the ALJ.  The ALJ accurately described the frequency of the

5 claimant's visits to the emergency room and the nature of her claims.  The ALJ

6 also noted the vague symptoms and repeated injuries.  The ALJ's opinion about

7 drug-seeking behavior is supported by substantial evidence.  As a result, the ALJ's

8 bases for rejecting Ms. Wilson's subjective complaints about pain and limitation

9 are supported by clear and convincing reasons.  Therefore, the ALJ did not err by

10 discounting Ms. Wilson's subjective testimony.

11 **Past Relevant Work**

12    Relevant work experience is defined as work that the claimant has "done

13 within the last 15 years, [that] lasted long enough for [the claimant] to learn to do

14 it, and was substantial gainful activity."  20 C.F.R. § 416.965(a).  The record

15 shows that Ms. Wilson worked as a janitor for three months in 2005.  (Tr. 157.)

16    Employment is presumed to be substantially gainful if the employee meets

17 certain monthly income requirements.  According to the Program Operations

18 Manual System ("POMS") of the Social Security Administration, the monthly

19 earning amount giving rise to the presumption of substantiality was $830.00 in

20 2005 for a nonblind individual.  The financial earnings records in this case show

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 20

that Ms. Wilson earned $2926.85 in 2005.  (Tr. 141.)  During that time, Ms.

Wilson worked as a janitor for a bank.  (Tr. 157.)  The record reflects that at most,

Ms. Wilson worked for three months in 2005.  (Tr. 157.)  Accordingly, Ms. Wilson

earned an average of approximately $975.61 per month for the period that she

worked.  That average exceeds the $830.00 average required to trigger the

presumption of substantiality.  The vocational expert testified that the job of

janitor, or cleaner/housekeeper as she termed it, had a specific vocational

preparation ("SVP") time of two.  (Tr. 74.)  According to the POMS, an SVP of

two means that the time to learn the position is at least a short demonstration and

up to one month.  As Ms. Wilson worked as a Janitor for three months, she worked

long enough to learn the position.  Therefore, Ms. Wilson's prior work experience

as a Janitor qualifies as relevant work experience, and the ALJ made no error in

finding that Ms. Wilson was not disabled at step four.

**Vocational Hypothetical**

      Ms. Wilson argues that the ALJ failed to present an appropriate hypothetical

to the vocational expert because the ALJ failed to include Ms. Wilson's alleged

severe limitation to her right arm and recurrent migraines.  As this Court has

upheld the ALJ's determination that Ms. Wilson's subjective complaints are not

credible, Ms. Wilson's argument fails.

1    Accordingly, **IT IS HEREBY ORDERED:**

2    1.  The claimant's motion for summary judgment, **ECF No. 12**, is **DENIED**.

3    2.  Defendant's motion for summary judgment, **ECF No. 18**, is **GRANTED**.

4    3.  Judgment shall be entered for Defendant.

5    **IT IS SO ORDERED**.

6    The District Court Clerk is hereby directed to enter this Order, to provide

7    copies to counsel, and to **close** this file.

8    **DATED** this 25th day of September 2013.

9

10                                    s/ Rosanna Malouf Peterson
                                    ROSANNA MALOUF PETERSON
11                                   Chief United States District Court Clerk

12

13

14

15

16

17

18

19

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 22